**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE**

|  |  |
|---|---|
| BGH EDELSTAHL SIEGEN GMBH, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 21-00080 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| ELLWOOD CITY FORGE COMPANY, ET AL., | ) |
| Defendant-Intervenors. | ) |

**DEFENDANT-INTERVENORS' COMMENTS IN OPPOSITION TO COMMERCE'S THIRD REMAND REDETERMINATION**

Thomas M. Beline
Nicole Brunda

CASSIDY LEVY KENT (USA) LLP
900 19th Street, N.W., Ste 400
Washington, D.C. 20006
(202) 567-2316
(202) 567-2301
*tbeline@cassidylevy.com*

*Counsel to Ellwood City Forge Company, Ellwood National Steel Company, Ellwood Quality Steels Company, and A. Finkl & Sons*

Dated:  March 13, 2024

**Table of Contents**

|   |   | Page |
|---|---|---|
| I. | PROCEDURAL HISTORY | 2 |
| II. | ARGUMENT | 6 |
|   | A. Commerce's Remand Redetermination Is Contrary to Law Because it Fails to Consider Whether the KAV Program is *De Facto* Specific | 6 |
|   | B. Commerce's Remand Redetermination Is Unsupported by Substantial Evidence Because it Fails to Grapple with Facts Indicating that the KAV Program is *De Facto* Specific | 8 |
| III. | Conclusion | 11 |

## Table of Authorities

Page(s)

Statutes

19 U.S.C. § 1677(5)(A) ...................................................................................................7

19 U.S.C. § 1677(5A) ................................................................................................7, 10

19 U.S.C. § 1677(5A)(D) ............................................................................................7, 8

19 U.S.C. § 1677(5A)(D)(i) ....................................................................................4, 5, 7

19 U.S.C. § 1677(5A)(D)(ii) ........................................................................................7, 8

19 U.S.C. § 1677(5A)(D)(iii) ................................................................................. *passim*

19 U.S.C. § 1677(5A)(D)(iii)(I) ...................................................................................4, 7

19 U.S.C. § 1677e(a) ......................................................................................................9

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| BGH EDELSTAHL SIEGEN GMBH,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNITED STATES,<br><br>　　　　　　　　　　　　Defendant,<br>　　　　and<br><br>ELLWOOD CITY FORGE COMPANY, ET AL.,<br><br>　　　　　　　　　Defendant-Intervenors. | Court No. 21-00080 |

**DEFENDANT-INTERVENORS' COMMENTS IN OPPOSITION TO COMMERCE'S THIRD REMAND REDETERMINATION**

Pursuant to the Court's opinion of November 14, 2023 (ECF 70), defendant-intervenors Ellwood City Forge Company, *et al.*, ("Ellwood") hereby submit these comments in opposition to the U.S. Department of Commerce's ("Commerce's) third final results of redetermination, filed in this case on February 12, 2024 (ECF 71) ("Third Remand Redetermination"). As detailed below, Commerce unlawfully failed to comply with the countervailing duty statute. In particular, Commerce completely jettisoned its obligation to conduct a *de facto* specificity analysis under 19 U.S.C. § 1677(5A)(D)(iii) based on a misrepresentation of the administrative record and failure to follow the law. The Court should remand the matter to Commerce once again so that it can conduct a *de facto* specificity analysis in accordance with the statute.

I.  **PROCEDURAL HISTORY**

To understand the absurdity of Commerce's position in its remand redetermination, it is necessary to understand the history of the issue through the investigation and on remand administratively. During the original investigation, on April 28, 2020, Commerce issued a

2

supplemental questionnaire to the Government of Germany ("GOG") requesting that the GOG respond to Commerce's Standard Questions Appendix for the Concession Fee Ordinance ("KAV") program, which respondents reported having benefited from during the period of investigation ("POI"). *See* Commerce Letter, "Supplemental Questionnaire" (April 28, 2020) at Attachment II. Commerce's Standard Questions Appendix requested that the GOG provide information on actual use of assistance under the program, including information on (1) the total number of companies approved for assistance under the program, (2) the total amount of assistance approved for all companies under the program, and (3) the total amount of assistance provided to each industry under the program. *See* Commerce Letter, "Countervailing Duty Questionnaire" (February 4, 2020), Section II at 9-10 (questions 2(a)-(e)).

Commerce requested this information because it is necessary to conduct a *de facto* specificity analysis under 19 U.S.C. § 1677(5A)(D)(iii). Requesting the information makes clear that Commerce will find a subsidy specific as a matter of fact where *inter alia* any one of the following exists: (I) the actual recipients of a subsidy, when considered on an enterprise or industry basis, are limited in number, (II) an enterprise or industry is a predominant user of the subsidy, or (III) an enterprise or industry receives a disproportionately large amount of the subsidy. However, the GOG did not provide the requested information in its questionnaire response, claiming that "the GOG does not collect, track, or maintain this information in the ordinary course of business." *See* Letter from GOG, "First Supplemental Questionnaire: Response to Certain Questions" (June 5, 2020) ("GOG 1SQR"), Exhibit KAV-02 at KAV-11 to KAV-12. A gap therefore existed in the administrative record because the GOG withheld requested information.

After receiving factual information from the GOG and respondents, Commerce issued a post-preliminary determination in which it preliminarily determined that the KAV program constituted a countervailable subsidy. *See* Commerce Memorandum, "Post Preliminary Analysis" (October 21, 2020) at 12-14. With respect to specificity, Commerce stated:

> Commerce also preliminarily finds this program to be *de facto* specific within the meaning of section 771(5A)(D)(iii)(I) of the Act because recipients of the subsidy are limited in number. Specifically, only special contract customers are eligible for benefits under this program. *Id*. at 14.

In its case brief, the GOG disputed Commerce's preliminary *de facto* specificity finding. Specifically, the GOG argued so-called "special contract customers" included all customers that met certain power consumption criteria under the KAV and Commerce had failed to point to record evidence demonstrating that KAV program recipients are "limited in number" under 19 U.S.C. § 1677(5A)(D)(iii)(I). *See* Letter from GOG, "Case Brief" (November 2, 2020) at 20. The GOG notably failed to mention that the reason the record did not contain information concerning the number of KAV program recipients is because, as discussed *supra*, <u>the GOG itself failed to provide that information in response to Commerce's initial request</u>. *See* GOG 1SQR, Exhibit KAV-02 at KAV-11 to KAV-12 ("the GOG does not collect, track, or maintain this information in the ordinary course of business").

In response to the GOG's arguments, in its final determination Commerce no longer relied on the *de facto* subsidy provision. Instead, Commerce found that the KAV program "is *de jure* specific." IDM at 39. Specifically, Commerce found that "{s}ection 771(5A)(D)(i) of the Act states that a program is *de jure* specific if the governing authority 'expressly limits access to the subsidy'" and here the GOG acknowledged that it "expressly limited access to the subsidy by providing relief to only those companies whose average price per kilowatt-hour in the calendar year is lower than the average revenue per kWh from the supply of electricity to all special

4

contract customers."  Commerce therefore determined that the KAV program was *de jure* specific.  Commerce notably did not make any finding as to the *de facto* specificity of the program or otherwise address whether the number of recipients on an enterprise or industry basis were limited in number.

On appeal, respondent BGH challenged Commerce's specificity determination.  *See* BGH 56.2 Br. (ECF 22) at 42-43.  This Court remanded the determination to Commerce three times.  In its most recent remand order, this Court made clear that "{a} domestic subsidy may be countervailable either because it is specific as a matter of law (de jure specific) or specific as a matter of fact (de facto specific)."  Third Remand Order at 6 (emphasis supplied).  The Court found that the fact that the KAV Program expressly limits access to customers that meet a specified energy consumption level was alone insufficient to demonstrate *de jure* specificity, though noted that "{t}hat a limited number of enterprises or industries may ultimately benefit from the program may support a finding of *de facto* specificity."  *Id*. at 10.  The Court noted that Commerce may wish to "conduct a *de facto* analysis" on remand.  *Id*. at 13.

In its Third Remand Redetermination, Commerce acquiesced to the Court's findings regarding *de jure* specificity, determining "{u}nder respectful protest…that the KAV program is not *de jure* specific pursuant to section 771(5A)(D)(i) of the Act."  Third Remand Redetermination at 2.  However, over the domestic industry's protestations and without providing any analysis of whether the KAV program instead met the requirements for a showing of *de facto* specificity under 19 U.S.C. § 1677(5A)(D)(iii), Commerce determined that the KAV program was not countervailable.  *Id*.  Commerce's sole reasoning for not conducting a *de facto* analysis was its determination that "there is no basis to reconsider our prior finding that the KAV Program 'is *de jure* specific rather than *de facto* specific.'"  *Id*.  As detailed below, Commerce's

5

determination in this regard is wholly unsupported by record evidence and its decision not to conduct a *de facto* specificity analysis is contrary to law.

**II.     ARGUMENT**

    **A.  Commerce's Remand Redetermination Is Contrary to Law Because it Fails to Consider Whether the KAV Program is *De Facto* Specific**

Commerce's Third Remand Redetermination is contrary to law because Commerce refused to conduct the *de facto* specificity analysis required under 19 U.S.C. § 1677(5A)(D)(iii).

In full, 19 U.S.C. § 1677(5A)(D)(iii) states:

Where there are reasons to believe that a subsidy may be specific as a matter of fact, the subsidy is specific if one or more of the following factors exist:

>  (I)     The actual recipients of the subsidy, whether considered on an enterprise or industry basis, are limited in number.
>  (II)    An enterprise or industry is a predominant user of the subsidy.
>  (III)   An enterprise or industry receives a disproportionately large amount of the subsidy.
>  (IV)    The manner in which the authority providing the subsidy has exercised discretion in the decision to grant the subsidy indicates that an enterprise or industry is favored over others.

In evaluating the factors set forth in subclauses (I), (II), (III), and (IV), the administering authority shall take into account the extent of diversification of economic activities within the jurisdiction of the authority providing the subsidy, and the length of time during which the subsidy program has been in operation.

There is no dispute that the record provides sufficient reason to believe that the KAV program may be specific as a matter of fact.

In its initial post-preliminary determination Commerce itself initially determined that the KAV program was specific as a matter of fact "because recipients of the subsidy are limited in number."  *See* Third Remand at 10, n. 9 (quoting Post Prelim. Analysis Mem. at 14 (PR 271)). Commerce's final determination did not discuss any evidence to the contrary.  Instead, Commerce simply found that, as it had since determined that the program was *de jure* specific, it did not need to conduct a full *de facto* specificity analysis under 19 U.S.C. § 1677(5A)(D)(iii)

6

because either form of specificity is sufficient for subsidy to be countervailable under 19 U.S.C. § 1677(5A)(D).  *See* IDM at 38-39.

However, Commerce's subsequent determination that KAV Program is not *de jure* specific means that a *de facto* analysis is necessary before Commerce can make any final determination as to the countervailability of the KAV Program.  Indeed, the statute is clear that any form of specificity described in 19 U.S.C. § 1677(5A) is sufficient for a subsidy to be countervailable.  *See* generally 19 U.S.C. § 1677(5)(A).  Commerce's decision to forgo a *de facto* analysis because it has previously found that the KAV Program is "*de jure* rather than *de facto* specific," *see* Third Remand Redetermination at 2, is wholly unreasonable as it is based on a false dichotomy that simply does not exist in 19 U.S.C. § 1677(5A)(D).

The statute provides multiple, independent avenues for determining the specificity of a domestic subsidy.  Relevant here the statute makes clear that a domestic subsidy may be specific either "in law **or** in fact." 19 U.S.C. § 1677(5A)(D) (emphasis supplied); *see also* Third Remand at 6 (describing this statutory provision).  The statute provides Commerce with clear guidelines to use in making such specificity determinations.  In particular, a subsidy is specific **as a matter of law** where, subject to the additional requirements of 19 U.S.C. § 1677(5A)(D)(ii), "the authority providing the subsidy, or legislation pursuant to which the authority operates, expressly limits access to the subsidy to an enterprise or industry."  19 U.S.C. § 1677(5A)(D)(i). Alternatively, a subsidy is specific **as a matter of fact** where any of the factors in 19 U.S.C. § 1677(5A)(D)(iii) exist, including *inter alia* where the "actual recipients of the subsidy, whether considered on an enterprise or industry basis, are limited in number."  19 U.S.C. § 1677(5A)(D)(iii)(I).  The *de jure* and *de facto* specificity analyses are thus entirely separate

7

statutory inquiries, either of which is independently sufficient to establish specificity under 19 U.S.C. § 1677(5A)(D).

While *de jure* and *de facto* specificity are independent statutory inquiries, they are <u>not</u> mutually exclusive concepts. In other words, whether or not a program is *de jure* specific is irrelevant to the question of whether that program is *de facto* specific. *See generally* Third Remand at 10, n. 9 (noting that a subsidy that is not *de jure* specific may nonetheless be *de facto* specific in the number of enterprises or industries that ultimately benefit from the program are limited in number). This is self-evident from a plain reading of 19 U.S.C. § 1677(5A)(D), which easily envisions the existence of programs that meet both specificity types. For example, if the GOG established a program that, by law, was only available to the steel industry there is no question that program would be *de jure* specific under 19 U.S.C. § 1677(5A)(D)(ii) because the access is expressly limited to the steel industry. But such a program would also independently meet the requirements for *de facto* specificity under the 19 U.S.C. § 1677(5A)(D)(iii) because the actual recipients of the subsidy are limited to a single industry. Commerce's unreasonable conclusion that the KAV program cannot be *de facto* specific because the KAV program "is *de jure* specific rather than *de facto* specific," *see* Third Remand Redetermination at 2 and 8-9, has no basis in either the statute or common sense.

      **B.    Commerce's Remand Redetermination Is Unsupported by Substantial Evidence Because it Fails to Grapple with Facts Indicating that the KAV Program is *De Facto* Specific**

Commerce's decision not to conduct a *de facto* specificity analysis is further unsupported by substantial evidence. *First*, Commerce claims that Petitioners "fail to provide *any* evidence in support of their claim" that a *de facto* specificity analysis is necessary. This is simply untrue. Even where a finding of no *de jure* specificity is made, the statute mandates a *de facto* specificity analysis "{w}here there are reasons to believe that a subsidy may be specific as a matter of fact."

8

19 U.S.C. § 1677(5A)(D)(iii).  Commerce's own findings demonstrate ample reasons for such a belief in this case.  Most notably, in its post-preliminary determination Commerce itself initially found that the KAV program was specific as a matter of fact "because recipients of the subsidy are limited in number" as "only special contract customers are eligible for benefits under this program."  *See* Post Prelim. Analysis Mem. at 14 (PR 271).  In its final determination, Commerce recognized that the actual pool of recipients was, in fact, even smaller, as only certain special contract customers (i.e. those "whose average price per kilowatt-hour {(kWh)} in the calendar year is lower than the average revenue per kWh from the supply of electricity to all special contract customers") were by law eligible for KAV program benefits.  IDM at Comment 8.  While this Court found that such facts were alone insufficient to establish *de jure* specificity, *see* Third Remand at 12-13, they unquestionably form a reasonable basis for a *de facto* specificity analysis under 19 U.S.C. § 1677(5A)(D)(iii).

*Second*, although Commerce claims that the record contains no basis on which to make a *de facto* specificity determination, as explained *supra* and as acknowledged by Commerce itself, the reason for this is because the GOG claimed—without evidence or even a description of its efforts—to be unable to respond to that information in response to Commerce's request.  *See* Third Remand Determination at 8, n. 50 (citing GOG Letter (Jun. 5, 2020) at Exhibit KAV-02, pp. KAV-3 and KAV-11 to KAV-12).  As this Court noted, where a party fails to provide information requested by the Department, the Department may resort to facts available under 19 U.S.C. § 1677e(a).  *See* Third Remand at 10, n. 9.  However, Commerce may not use the GOG's failure to provide information as an explanation for its failure to conduct a *de facto* specificity analysis under 19 U.S.C. § 1677(5A)(D)(iii) and the Court should reject Commerce's attempts to do so here.

9

*Third*, Commerce argues that Petitioners *de facto* specificity arguments are somehow improper because "up to this point, {Petitioners} have been supportive of Commerce's *de jure* finding." Third Remand Redetermination at 10. Such a statement is also premised on Commerce's faulty presumption that *de jure* and *de facto* specificity are mutual exclusive designations. As explained above, a subsidy could certainly meet the independent requirements for both *de jure* and *de facto* specificity. The fact that Petitioners agreed—and continue to agree—with Commerce's finding that the KAV Program is *de jure* specific in no way precludes their concurrent belief that, after reversing course, Commerce has a statutory obligation to conduct a *de facto* specificity analysis before determining that the KAV program is not countervailable.

*Finally*, Commerce—apparently recognizing its obligations under 19 U.S.C. § 1677(5A)(D)(iii)—suggests that it in fact conducted a *de facto* specificity analysis. *See* Third Remand at 8 ("Regardless, Commerce analyzes information on the record to determine whether a subsidy meets any of the specificity provisions in section 771(5A) of the Act. If record evidence supports an affirmative determination of specificity pursuant to any of these provisions, then Commerce will determine that the program is specific."). Yet Commerce tellingly fails to provide any citation to where it conducted such an analysis on this record, *id*., because no such analysis exists. Instead, in support of such statements Commerce again points to its conclusion that KAV Program cannot be *de facto* specific because the KAV Program "is *de jure* specific rather than *de facto* specific." *Id*. (quoting IDM at Comment 8). As already explained, such reasoning is circular and entirely incompatible with the plain language of 19 U.S.C. § 1677(5A)(D)(iii).

10

### III.    Conclusion

For the reasons outlined above, Commerce's decision to find that the KAV Program is not countervailable without first conducting a *de facto* specificity analysis under 19 U.S.C. § 1677(5A)(D)(iii) was contrary to law. The Court should therefore remand Commerce's Third Remand Redetermination back to the Department for further consideration and analysis.

Respectfully submitted,

/s/ Nicole Brunda
Thomas M. Beline
Nicole Brunda
CASSIDY LEVY KENT (USA) LLP
900 19th Street, N.W.
Suite 400
Washington, D.C. 20006
(202) 567-2300
(202) 567-2330
nbrunda@cassidylevy.com

*Counsel to Ellwood City Forge Company, Ellwood National Steel Company, Ellwood Quality Steels Company, and A. Finkl & Sons*

## **Certificate of Compliance**

The undersigned hereby certifies that the foregoing submission of "Defendant-Intervenors' Comments in Opposition to Commerce's Third Remand Redetermination," filed on March 13, 2024, contains 2,760 words, exclusive of the caption block, table of contents, table of authorities, signature block, certificates of counsel, and counsel's signature, as calculated by the word processing software used to prepare these comments (Microsoft Word).  The submission therefore complies with the maximum 10,000 word count limitation set forth in the Court's Standard Chambers Procedures.

By:     /s/ Nicole Brunda
          Nicole Brunda