# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| BGH EDELSTAHL SIEGEN GMBH, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, | ) Court No. 21-00080 |
| and | ) |
| ELLWOOD CITY FORGE CO., ELLEWOOD NATIONAL STEEL CO., ELLWOOD QUALITY STEELS CO., AND A. FINKL & SONS, | ) |
| Defendant-Intervenors | ) |

## ORDER

Upon consideration of the Department of Commerce's final results of redetermination pursuant to remand, defendant's response in support thereto, and all other pertinent papers, it is hereby

ORDERED that the remand results are sustained in their entirety; and further

ORDERED that final judgment is entered in favor of the United States.

Dated:_____, 2024          _____
       New York, NY                             CLAIRE R. KELLY, JUDGE

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| BGH EDELSTAHL SIEGEN GMBH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> ELLWOOD CITY FORGE CO., ELLEWOOD ) <br> NATIONAL STEEL CO., ELLWOOD QUALITY ) <br> STEELS CO., AND A. FINKL & SONS, ) <br> ) <br> Defendant-Intervenors ) <br> ) | Court No. 21-00080 |

## **DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION**

|  |  |
|---|---|
|  | BRIAN M. BOYNTON <br> Principal Deputy Assistant Attorney General |
|  | PATRICIA M. MCCARTHY <br> Director |
| OF COUNSEL: <br> AYAT MUJAIS <br> Senior Attorney <br> Office of the Chief Counsel <br>  for Trade Enforcement & Compliance <br> U.S. Department of Commerce | KELLY M. GEDDES <br> Trial Attorney <br> U.S. Department of Justice <br> Civil Division <br> Commercial Litigation Branch <br> PO Box 480, Ben Franklin Station <br> Washington, DC 20044 |
| April 12, 2024 | Attorneys for Defendant |

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| BGH EDELSTAHL SIEGEN GMBH, ) | |
| Plaintiff, ) | |
| v. ) | |
| UNITED STATES, ) | |
| Defendant, ) | Court No. 21-00080 |
| and ) | |
| ELLWOOD CITY FORGE CO., ELLEWOOD NATIONAL STEEL CO., ELLWOOD QUALITY STEELS CO., AND A. FINKL & SONS, ) | |
| Defendant-Intervenors ) | |

**DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments filed by Defendant-Intervenor Ellwood City Forge Co. (Ellwood or petitioners) (ECF No. 73). These comments and our response concern the Department of Commerce's third remand redetermination, Final Results of Redetermination Pursuant to Court Remand (Feb. 12, 2024) (ECF No. 72) (Third Remand Redermination) (P.R.R. 5),[1] issued by Commerce pursuant to this Court's opinion and remand order, *BGH Edelstahl Seigen GmbH. v. United States*, 663 F. Supp. 3d 1378 (Ct. Int'l Trade 2023) (ECF No. 70). As explained below, the Court should sustain the third remand redetermination and enter final judgment for the United States because Commerce

---

[1] Citations to the public record (P.R.R.) refer to the record of the antidumping duty administrative redetermination.

has complied with the third remand order, and the third remand redetermination is supported by substantial evidence and otherwise in accordance with law.

## BACKGROUND

On January 8, 2020, Commerce initiated a countervailing duty (CVD) investigation on forged steel fluid end blocks from Germany. *See Forged Steel Fluid End Blocks from the Federal Republic of Germany, India, Italy and the People's Republic of China*, 85 Fed. Reg. 2,385 (Dep't of Commerce Jan. 15, 2020) (initiation notice). In its final determination, Commerce found seven climate change programs countervailable, including the Concession Fee Ordinance (KAV Program) and the Electricity and Energy Tax Acts. *See Forged Steel Fluid End Blocks from the Federal Republic of Germany*, 85 Fed. Reg. 80,011 (Dep't of Commerce Dec. 11, 2020) (final CVD deterimin.), and accompanying Issues and Decision Memorandum (IDM). Plaintiff BGH Edelstahl Seigen GmbH (BGH) appealed Commerce's final determination to this Court on March 29, 2021. On October 12, 2022, this Court sustained the determination in part and remanded in part. *See BGH Edelstahl Seigen GmbH. v. United States*, 600 F. Supp. 3d 1241 (Ct. Int'l Trade 2022) (ECF No. 42). This Court directed Commerce on remand to (1) consider whether to account for the costs of complying with the Electricity and Energy Tax Acts in its calculation of the CVD rate for these subsidy programs; and (2) explain or reconsider its determination that the KAV Program is a specific subsidy. *See id.* at 1258, 1269.

On January 10, 2023, Commerce issued its first remand redetermination. *See* Final Results of Remand Pursuant to Court Remand (Jan. 10, 2023) (ECF No. 48). Commerce explained its determination not to account for compliance costs in its calculation of the CVD rates for programs under the Electricity Tax Act and Energy Tax Act and further explained its determination that the KAV Program is specific. Specifically, with respect to the KAV Program,

2

Commerce explained that record evidence shows that the eligibility criteria and conditions under the KAV Program are not neutral pursuant to 19 U.S.C. § 1677(5A)(D)(ii) because they favor certain special contract customers over other enterprises.  Thus, Commerce found on remand that the KAV Program did not meet the definition or standards of "objective criteria or conditions" under 19 U.S.C. § 1677(5A)(D)(ii) and thus was *de jure* specific.

On May 9, 2023, this Court sustained Commerce's determination pertaining to the Electricity and Energy Tax Acts but remanded Commerce's determination that the KAV Program is *de jure* specific for reconsideration or further explanation.  *See BGH Edelstahl Seigen GmbH. v. United States*, 639 F. Supp. 3d 1237, 1242, 1244 (Ct. Int'l Trade 2023) (ECF No. 58). This Court directed Commerce to explain how the KAV Program's eligibility criteria "are neither economic in nature nor horizontal in application" as is required for a subsidy to be specific in light of 19 U.S.C. § 1677(5A)(D)(ii).  *See id*. at 1244.

On August 7, 2023, Commerce issued its second remand redetermination.  Commerce further explained its determination that the KAV Program is *de jure* specific and addressed how the eligibility criteria are neither economic in nature nor horizontal in application.  Specifically, Commerce explained that the eligibility criteria are not horizontal in application because the government of Germany has, by law, limited eligibility to certain groups which the authority itself defined, thereby limiting the program to some groups and excluding others such as those who do not receive certain types of investment gains or use specified stationary equipment.

On November 14, 2023, the Court again remanded Commerce's determination that the KAV Program is *de jure* specific, holding that the existence of criteria that limits access is alone insufficient to render a subsidy *de jure* specific, and that Commerce failed to explain how the limitation to special contract customers rendered the program *de jure* specific because

3

Commerce did not sufficiently explain how the eligibility criteria are not objective. 663 F. Supp. 3d at 1381-84. The Court held that Commerce on remand "can either explain and support its determination that the criteria are not neutral…or conduct a *de facto* analysis or reconsider its determination." *Id.* at 1385.

On January 16, 2024, Commerce issued its draft redetermination. On January 23, 2024, BGH and the petitioners submitted comments. On February 12, 2024, Commerce issued its final remand redetermination. Commerce reconsidered its specificity determination, and under respectful protest found that the KAV Program was not *de jure* specific, and thus did not constitute a countervailable subsidy. Third Remand Redetermination at 6-9. Commerce thus revised the subsidy rates for all three respondents, BGH, Schmiedewerke Groditz GmbH (SWG), and voestalpine Bohler Group, and all other producers/exporters not subject to individual examination. *Id.*

## ARGUMENT

**I.     Standard of Review**

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," and are "supported by substantial evidence, and are otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Under this standard, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted). Instead, when, as here, Congress

4

has entrusted an agency to administer a statute that demands inherently fact-intensive inquiries, Commerce's conclusions may be set aside only if the record contains evidence "so compelling that no reasonable factfinder" could reach the same conclusion. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

## II.     The Court Should Sustain Commerce's Redetermination

Commerce complied with the remand order. Because the remand redetermination is supported by substantial record evidence, and Commerce acted in accordance with law, this Court should sustain the remand redetermination.

This Court directed Commerce to "either explain and support its determination that the criteria are not neutral…or conduct a *de facto* analysis or reconsider its determination." 663 F. Supp. 3d at 1385. Out of these three options, Commerce reconsidered its prior determination that the KAV Program was *de jure* specific. *See* Third Remand Redetermination at 6. Commerce found that, aside from the argument that the Court rejected, there was no other basis on the record to conclude that the government of Germany established vertical eligibility criteria for the KAV Program. *Id.* Thus, under respectful protest, Commerce found that the KAV Program is not *de jure* specific pursuant to 19 U.S.C. § 1677(5A)(D)(i) and does not constitute a countervailable subsidy. *Id.* No parties argue that Commerce did not adhere to the remand order.

However, petitioners argue that Commerce's redetermination is contrary to law because Commerce was required to conduct a *de facto* specificity analysis under 19 U.S.C. § 1677(5A)(D)(iii) after determining that the KAV program was not *de jure* specific, and to address record evidence indicating that the KAV Program is *de facto* specific. Ellwood Cmts. at 8-10.

19 U.S.C. § 1677(5A)(D)(iii) provides that "[w]here there are reasons to believe that a subsidy may be specific as a matter of fact, the subsidy is specific if one or more of [certain enumerated factors] exist." Thus, the statute only instructs Commerce to conduct an analysis of *de facto* specificity if the record contains reasons to believe such analysis is necessary. Here, Commerce initially found the KAV Program to be "*de jure* specific rather than *de facto* specific as stated in the Post-Preliminary Determination." *See* IDM at 39. In its third remand redetermination, Commerce found "nothing on the administrative record of this proceeding to support reconsideration of that finding." *See* Third Remand Redetermination at 8-9. Thus, contrary to petitioners' claim, there is in fact a dispute over whether the record provides reason to believe KAV Program is *de facto* specific. Ellwood Cmts. at 6.

Petitioners argue that the fact that the KAV Program was limited to certain special contract customers "unquestionably form{s} a reasonable basis for a *de facto* specificity analysis." *Id.* However, the fact that the KAV Program was limited by law to certain special contract customers goes to the question of *de jure* specificity; to assess whether the program was *de facto* specific, Commerce would need evidence concerning the KAV Program's actual use. Petitioners fail to identify any such evidence, and as Commerce explained in its third remand redetermination, the government of Germany "reported that it does not collect, track, or maintain information on usage of the KAV Program in the ordinary course of business," and that "because no governmental authority is involved in administering the process towards the financial consumer established based on Section 2(4) of the KAV, the government of Germany does not have data on the concession fees paid by a specific company." Third Remand Redetermination at 8 (citing First Supplemental Questionnaire: Response to Certain Questions (June 5, 2020) at Exhibit KAV-02). Thus, on remand, Commerce did not find record evidence giving it "reasons

6

to believe that a subsidy may be specific as a matter of fact." 19 U.S.C. § 1677(5A)(D)(iii). On the contrary, the record lacks sufficient evidence to conduct a *de facto* analysis, and attempting to obtain such evidence would likely be futile given that Germany does not collect evidence on use of the KAV Program. Commerce therefore declined to reconsider its *de facto* finding and determined that, based on the available record evidence, the KAV program does not constitute a countervailable subsidy. Third Remand Redetermination at 6, 8-9. Such a determination adheres to the third remand order and is in accordance with law.[2]

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's third remand redetermination and enter final judgment in favor of the United States.

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

/s/ Patricia M. McCarthy
PATRICIA M. MCCARTHY
Director

OF COUNSEL:
AYAT MUJAIS
Senior Attorney
Office of the Chief Counsel
 for Trade Enforcement & Compliance
U.S. Department of Commerce

/s/ Kelly M. Geddes
KELLY M. GEDDES
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044

April 12, 2024

Attorneys for Defendant

---

[2] Petitioners argue that Commerce should have resorted to facts available to analyze *de facto* specificity. However, petitioners do not indicate what record "facts" would have supported a *de facto* specificity determination pursuant to 19 U.S.C. § 1677e(a). *See* Third Remand Redetermination at 8.