UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| BGH EDELSTAHL SIEGEN GMBH, </br></br> Plaintiff, </br></br> v. </br></br> UNITED STATES, </br></br> Defendant, </br> and </br> ELLWOOD CITY FORGE COMPANY, ET AL., </br></br> Defendant-Intervenors. | ) ) ) ) ) ) ) Court No. 21-00080 ) ) ) ) ) ) ) ) |

**DEFENDANT-INTERVENORS' REPLY TO BGH'S COMMENTS ON COMMERCE'S FOURTH REMAND REDETERMINATION**

Thomas M. Beline
Nicole Brunda

CASSIDY LEVY KENT (USA) LLP
2112 Pennsylvania Ave NW
Suite 300
Washington, D.C. 20037
(202) 567-2300
nbrunda@cassidylevy.com

*Counsel to Ellwood City Forge Company, Ellwood National Steel Company, Ellwood Quality Steels Company, and A. Finkl & Sons*

Dated:   December 2, 2024

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| BGH EDELSTAHL SIEGEN GMBH, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br> and <br> ELLWOOD CITY FORGE COMPANY, ET AL., <br><br> Defendant-Intervenors. | Court No. 21-00080 |

**DEFENDANT-INTERVENORS' REPLY TO BGH'S COMMENTS ON COMMERCE'S FOURTH REMAND REDETERMINATION**

Pursuant to the Court's opinion of May 22, 2024 (ECF 77) and amended scheduling order dated November 7, 2024 (ECF 84), defendant-intervenors Ellwood City Forge Company, *et al.*, ("Ellwood") hereby submit these comments in reply to the comments filed by BGH Edelstahl Siegen GmbH ("BGH") on October 17, 2024 (ECF 81) ("BGH's 10/17 Comments") supporting U.S. Department of Commerce's ("Commerce") fourth final results of redetermination (ECF 79) ("Fourth Remand Redetermination").

BGH claims that the record information collected from the GOG on remand confirms that the KAV program is *de facto* specific because it demonstrates that, when household users are subtracted from the total end users, special contract customers represent 93 percent of total electricity consumption in Germany.  BGH's 10/17 Comments (ECF 81) at 1.  Even if true, this statistic is irrelevant because it says nothing about the number of special contract customers that exist or the industry or industries to which they belong.  Indeed, as Ellwood explained in its

October 17, 2024 comments, special contract customers are, by definition, large consumers of electricity and would thus be expected to account for a disproportionately large portion of energy consumption. *See* Ellwood 10/17 Comments (ECF 82) at 6. Contrary to BGH's assertions, the cited statistic is wholly insufficient to make a *de facto* specificity finding under 19 U.S.C. § 1677(5A)(D)(iii) because it says nothing about use on an enterprise or industry basis.

BGH's cited statistic is also irrelevant because—as BGH itself elsewhere notes—not all special contract customers are eligible for reduced rates under the KAV program. BGH's 10/17 Comments (ECF 81) at 2. Instead, "under Section 2(4) of the KAV ordinance, KAV relief is only available to customers whose average electricity price per kilowatt hour in the calendar year is below the average revenue per kilowatt hour from the supply of electricity to all special-rate customers for the year before last (*e.g.,* 2016 for calendar year 2018) as reported by the German Federal Office of Statistics." *Id*. at 2-3. As BGH further explains, the structure of the KAV program means that the group of eligible companies will change from year to year based on changes in electricity prices and "{i}n times of rising electricity prices, <u>little or no companies would qualify</u> because their current electricity price would be above the average price from two years ago." *Id*. at 3 (emphasis supplied). In other words—at least in years of rising electricity prices—even BGH concedes that the actual recipients of the KAV program subsidy are limited in number (*i.e.* because in such years "little or no companies would qualify" for benefits), making the program is thus *de facto* specific under 19 U.S.C. § 1677(5A)(D)(iii)(I).

Record evidence provided by the GOG on remand confirms that between 2016 and 2018 electricity prices for special contract customers rose from 12.47 cents per kWh to 13.92 cents per kWH, an 11.6 percent increase. *See* Letter from the GOG, "Response to Supplemental Questionnaire" (July 26, 2024) (R4-P.R. 4) at Exhibit Remand-5. Thus, by BGH's own

admission, few special contract customers would have qualified for KAV program benefits in 2018.  This provides further evidentiary support that the KAV program was *de facto* specific during the 2018 period of investigation and further undercuts Commerce's contrary—and wholly unsupported—conclusion in its Fourth Remand Redetermination.  The Court should therefore remand Commerce's Fourth Remand Redetermination back to the Department for further consideration and analysis.

Respectfully submitted,

/s/ Nicole Brunda
Thomas M. Beline
Nicole Brunda
CASSIDY LEVY KENT (USA) LLP
2112 Pennsylvania Ave NW
Suite 300
Washington, D.C. 20037
(202) 567-2300
nbrunda@cassidylevy.com

*Counsel to Ellwood City Forge Company, Ellwood National Steel Company, Ellwood Quality Steels Company, and A. Finkl & Sons*

## Certificate of Compliance

      The undersigned hereby certifies that the foregoing submission of "Defendant-Intervenors' Reply to BGH's Comments on Commerce's Fourth Remand Redetermination," filed on December 2, 2024, contains 575 words, exclusive of the caption block, table of contents, table of authorities, signature block, and certificates of counsel. These comments, combined with "Defendant-Intervenors' Comments in Opposition to Commerce's Fourth Remand Redetermination," filed on October 17, 2024, comply with the Court's Standard Chambers Procedures as their combined word count cumulatively does not exceed the 10,000 word maximum.

                                       By:    /s/ Nicole Brunda
                                                      Nicole Brunda